IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| PATTY SUE HUFF, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>SOUTHWEST VIRGINIA )<br>REGIONAL JAIL AUTHORITY, )<br>et al., )<br>    Defendants )<br>) | Civil Action No.: 1:08cv00041<br><br>**MEMORANDUM ORDER**<br><br><br><br>By: **PAMELA MEADE SARGENT**<br>United States Magistrate Judge |

This matter is before the undersigned on the plaintiff's Motion To Consolidate, (Docket Item No. 2) ("the Motion"), seeking to consolidate this case with *Sizemore v. Southwest Virginia Regional Jail Authority, et al.*, Civil Action No. 1:08cv00035, *Shazier v. Southwest Virginia Regional Jail Authority, et al.*, Civil Action No. 1:08cv00037, and *Horner v. Southwest Virginia Regional Jail Authority, et al.*, Civil Action No. 1:08cv00026. The defendants have responded, objecting to the Motion. (Docket Item No. 3). While the defendants have requested oral argument on the Motion, the court denies that request based on the court's finding that the Motion has been adequately argued in writing and is ready for decision.

Pursuant to Federal Rule of Civil Procedure 42: "If actions before the court involve a common question of law or fact, the court may ... consolidate the actions. ..." FED. R. CIV. P. 42(a). It is well-settled that district courts have broad discretion

under Rule 42(a) to consolidate causes pending in the same district, as is the case here. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). The Fourth Circuit has set forth factors to be considered and weighed in determining whether consolidation is appropriate in a particular instance. In *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)), the Fourth Circuit held that the "critical question" in determining whether consolidation should be allowed is:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

While there seems to be a dearth of case law pertaining to consolidation of civil rights cases in the Fourth Circuit, the following case provides this court with some guidance in the matter. In *Harris v. L&L Wings, Inc.*, 132 F.3d 978 (4th Cir. 1997), the court found the district court's consolidation of two plaintiffs' Title VII cases appropriate. In *Harris*, the two plaintiffs prevailed on Title VII sexual harassment claims against their employer, L&L Wings, Inc. *See* 132 F.3d at 980. The misconduct in both plaintiffs' cases was essentially the same, it occurred over virtually the precise same time period and was perpetrated by many of the same individuals. *See Harris*, 132 F.3d at 980-81. Moreover, the court noted that both cases relied on the same witnesses and both the plaintiffs' claims were answered with the same defenses. *See Harris*, 132 F.3d at 982 n.2. Given this set of circumstances, the Fourth Circuit found that the district court's consolidation of the two cases was appropriate, in that it clearly

-2-

met the Rule 42(a) standard. *See Harris*, 132 F.3d at 982 n.2.

The court further finds instructive the case of *Arroyo v. Chardon*, 90 F.R.D. 603 (D. P.R. 1981), in which the court denied a plaintiff's motion under Rule 42(a) to consolidate her employment discrimination action with eight other employment discrimination actions, since, although the issues alleged in the complaints were similar, certain facts were different, and the possibility of jury confusion was considerable. In *Arroyo*, the plaintiff sought consolidation on the grounds that all nine complaints were very similar. *See* 90 F.R.D. at 605. The plaintiffs alleged facts of political discrimination that were identical in all nine cases. *See Arroyo*, 90 F.R.D. at 605. Nonetheless, the court noted that "the alleged acts of the defendants in each particular case upon which the plaintiffs' claims rest[ed were] different to each one of them." *Arroyo*, 90 F.R.D. at 605. The court stated that the "alleged political job discrimination in [each action] must be proven by presenting evidence of specific acts in which defendants acted maliciously, wilfully, and in reckless disregard of plaintiffs' constitutional rights in each particular case." *Arroyo*, 90 F.R.D. at 605. The court held that the possible prejudice to the defendants due to the likelihood of confusion in the minds of the jurors because of the similarity of issues alleged in the complaints and the possibility of different facts in each case outweighed the benefits of any possible convenience or economy to be obtained from consolidation. *See Arroyo*, 90 F.R.D. at 606.

The undersigned finds that the facts and circumstances at issue here are distinguishable from those presented in *Harris* and are more similar to those presented in *Arroyo*. First, as the defendants note in their brief, while there is some common

-3-

identity among the multiple defendants in each of the four cases, it is not identical. For instance, the defendants in *Huff* are different from those in *Sizemore*, in that there is one additional defendant named in the *Huff* complaint, namely, Kavah Ofagh, while three of the defendants named in *Sizemore* are not named in *Huff*. Likewise, one of the defendants named in *Horner* is not named in *Huff*, while there are six defendants named in *Huff* that are not named in *Horner*. Finally, there is one defendant in *Huff* who is not named in *Shazier*. These circumstances, in and of themselves, would likely create confusion for jurors attempting to keep the appropriate defendants "matched" with each of the four cases the plaintiffs seek to consolidate. Even assuming that this confusion is not great enough to outweigh the judicial economy and convenience gained by consolidating the four cases, there are other considerations for the court that, in their totality, would likely lead to a level of confusion and/or prejudice to the defendants that outweigh any judicial economy or convenience gained from consolidating the cases. Specifically, while the legal theories are virtually the same in *Sizemore*, *Horner* and *Huff*,[1] the time periods over which the defendants' alleged misconduct occurred in each of these three cases is widely divergent. For example, the plaintiff in *Sizemore* alleges that the defendants' misconduct occurred from April 9, 2005, to her termination on January 8, 2007, the plaintiff in *Horner*, alleges that the misconduct occurred from October 6, 2005, to her termination on May 17, 2007, and the plaintiff in *Huff* alleges that the misconduct occurred from April 18, 2005, to her forced resignation on April 19, 2006. Thus, the only common time period from all three of these cases is October 6, 2005, through April 19, 2006, a period of only approximately six months. The fourth case, *Shazier*, while alleging violation of due

---

[1]The court notes that the only difference in claims alleged in these three cases is that there is no age discrimination claim asserted in *Horner*.

Case 1:08-cv-00041-GMW-PMS   Document 12   Filed 01/14/09   Page 4 of 6   Pageid#: 55

process and wrongful discharge, just as the other three cases, alleges race discrimination, and not age and/or sex discrimination. That being the case, the crucial evidence to be presented in *Shazier* will be completely different than that which will be presented in *Sizemore*, *Horner* and *Huff*. Finally, the court takes note of the fact that the positions held by the four plaintiffs in these cases differ. While both Sizemore and Horner were employed as detention officers, Shazier was employed as a cook and Huff was employed as a charge nurse. Thus, these plaintiffs were responsible for performing different job duties, and the criteria used for and reasoning behind the termination and/or forced resignation of these individual plaintiffs could be quite different, and rightfully so.

The court wishes to make clear that the consolidation of these four cases would serve judicial economy and convenience, in that some of the defendants and witnesses will be the same, thereby resulting in the saving of both time and resources to all involved. However, for the reasons outlined above, the court finds that the potential confusion to the jurors and/or prejudice to the defendants outweighs any such judicial economy and convenience to be garnered from such consolidation.

For all of these reasons, the undersigned finds that, when considering the totality of the facts and circumstances presented by the four cases sought to be consolidated, the risk of juror confusion and prejudice to the defendants outweighs any benefits of judicial economy and convenience to be gained by consolidation. The Motion, therefore, is **DENIED**.

The Clerk is directed to send certified copies of this order to all counsel of

record.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of Federal Rule of Civil Procedure 72(a):

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Failure to file timely written objections to this Order within 10 days could waive appellate review.

ENTER: January 14, 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE